SAMUEL SPENCER AND WILLIAM GILMOR, Receivers of THE MARYLAND CENTRAL RAILROAD COMPANY *vs.* THE PRESIDENT, MANAGERS AND COMPANY OF THE FALLS TURNPIKE ROAD.

*Injunction—Receivers of a Railroad company.*

A turnpike company, a part of whose road-bed has been condemned for the use of a railroad company, and the damages awarded by a jury of inquisition, upon the condition that the railroad company shall erect and maintain upon the land so condemned, a close board fence, as long as the turnpike shall be used by the railroad company, cannot, after receiving the damages and per-

mitting the railroad company to build its road over the land condemned, and to use the same for years without making any objection, and without requiring it to build the fence, and when the railroad has passed into the hands of receivers, obtain an injunction to restrain the receivers from using the condemned land for the purposes of the railroad because of failure to erect the fence.

APPEAL from the Circuit Court for Baltimore County.

This appeal was taken from the order of the 19th of March, 1888, of the Court below, directing the injunction prayed for in the bill of complaint and in the subsequent petition, to issue, unless the defendant, the Maryland Central Railroad Company, and the receivers of the same, Samuel Spencer and William Gilmor, should within sixty days from the date of said order, erect the fence mentioned and described in the inquisition of the jury. The case is stated in the opinion of the Court.

The cause was argued for the appellants before ALVEY, C. J., MILLER, ROBINSON, IRVING, and McSHERRY, J. and submitted for the appellee.

*R. R. Boarman,* for the appellants.

*David G. McIntosh,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The facts in this case shortly stated are as follows: The Baltimore and Delta Railroad Company, now the Maryland Central Railroad Company, in constructing its line of railway, found it necessary to condemn part of the road-bed of the Falls Turnpike Company. The jury of inquisition awarded to the Turnpike Company, *sixteen hundred dollars damages,* and this amount was awarded according to the inquisition, "with the

understanding and upon the condition that the said railway company shall erect and maintain upon the land so condemned, and between the track or bed of said railway company and the travelled portion on said turnpike road, except at the crossings, a close board fence, not less than eight feet high, as long as the turnpike road shall be used by said railway company."

Having in the fall of 1881, finished part of its road, the railroad company paid to the turnpike company, the appellee, the sixteen hundred dollars awarded by the jury of inquisition as damages, and began to operate its road between Baltimore City and Towson.

*The fence,* however, it neglected, and in fact refused to put up. Thereupon the turnpike company filed its. bill in the Circuit Court of Baltimore City, praying that the railroad company be enjoined from using the land of the turnpike company, until it shall have erected the fence as required by the inquisition. The case was submitted on bill, answer and proof, and on the 16th February, 1884, the Court ordered and decreed, that the writ of injunction issue as prayed, unless the railroad company, should, within sixty days from the date of the order, *"erect the fence mentioned and described in the inquisition."* And thus the matter stood, till the 9th of September, 1887, when a petition was filed by the appellee, alleging that the fence had not been erected as required by the order of the Court; and that since the passage of the order, the road had passed into the hands of receivers, and praying that an injunction may issue against the receivers. Whether the turnpike company was entitled to an injunction as prayed in its original bill, filed in 1882, it is not necessary to consider, for we are clearly of opinion, that it is *not now entitled to an injunction against the receivers.* The granting or refusing an injunction is always a matter resting in the sound discretion of the

Court, and it ought not to be granted, when it would operate *oppressively or unjustly.* Here the appellee stood by and permitted the railroad company to build its road on the land condemned by the inquisition, without making any objection, and without requiring it to build the fence in question; and now, six years afterwards, when new rights have intervened, when the road has passed into the hands of receivers and is being operated by the order of the Court, for the common benefit of all parties in interest, the Court is asked to issue an injunction restraining the receivers, its own officers, from using the land of the appellee; in other words, to restrain them from operating the road, because the company had not complied with all the conditions on which the land was condemned. Now, whatever may be the appellee's remedy, one thing is certain, it is not entitled to this equitable interposition of the Court. For these reasons the order of 19th March, 1888, will be reversed and petition dismissed.

*Order reversed, and*
*petition dismissed.*

